**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ELEKE DAVIS,

    Defendant - Appellant.

No. 24-1395
(D.C. No. 1:22-CR-00016-RMR-1)
(D. Colo.)

_____

## ORDER AND JUDGMENT*

_____

Before **MATHESON**, **MORITZ**, and **EID**, Circuit Judges.

_____

Eleke Davis pled guilty to one count of involuntary manslaughter under 18 U.S.C. § 1112.  The district court sentenced him to 63 months (or 5 years and 3 months) in prison, which was below the statutory maximum sentence of 8 years in prison for this offense.  Although his plea agreement contained a waiver of his appellate rights, Davis filed a notice of appeal.  The government then filed a motion to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Davis's counsel filed a response to the motion, citing *Anders v. California*, 386 U.S. 738, 744 (1967), and stating that "[t]here is no meritorious basis for opposing the [m]otion," Resp. at 7. Consistent with *Anders*, *id.* at 744, we gave Davis the opportunity to file a pro se response to the government's motion. His response was initially due on April 14, 2025, and we sua sponte extended the deadline to April 30, 2025, but to date he has not filed a response.

We will enforce an appeal waiver if (1) "the disputed appeal falls within the" waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. The government argues that all three of these conditions are met in this case.

Consistent with our obligation under *Anders*, we fully examined all the proceedings. *See* 386 U.S. at 744. After doing so, we agree there is no meritorious basis to oppose the government's motion. We therefore grant the government's motion to enforce the appeal waiver and dismiss the appeal. We also grant counsel's motion to withdraw as Davis's attorney.

Entered for the Court

Per Curiam

2